ELIZABETH SCANLON MARLAND

*vs.*

CHARLES EDWARD MARLAND

Superior Court        New Haven County        File No. J561

MEMORANDUM FILED NOVEMBER 14, 1944.

*David M. Richman,* of New Haven, for the Plaintiff.

*Samuel J. White,* of New Haven, for the Defendant.

COMLEY, J.   The plaintiff has not sustained the burden of proof as to her allegation of habitual intemperance.

She has established; however, that for several years before their separation the defendant frequently drank to excess; that when intoxicated he was abusive, and often violent; that the two incidents set out in the bill of particulars occurred as alleged; that the defendant's conduct seriously affected the plaintiff's health; and that the incidents of November 15 and December 22, 1941, made the continuance of the marriage intolerable.

The defendant argues that the claim of intolerable cruelty must rest on the two incidents set out in the more specific statement, and that these incidents taken by themselves, in connection with defendant's protest of continued affection and desire of reconciliation, are not a sufficient basis for a finding of intolerable cruelty.

I conclude that it is the duty of the court to determine from the whole account of the defendant's conduct whether the two alleged acts of cruelty in the light of the defendant's past conduct and its harmful effect on the plaintiff support a finding of intolerable cruelty.

With this explanation I find that the defendant has been guilty of intolerable cruelty and a decree of divorce on that ground is granted.

I find that the plaintiff should have the custody of the two minor children.

Since it is the desire of the plaintiff to terminate the marriage, and since her earnings at present are nearly twice those of the defendant, I direct that the defendant pay to the plaintiff for the minor children $10 per week; and pay to the plaintiff as alimony the sum of $1 per week.